OPINION
{¶ 1} Defendant-appellant Jason J. Garner appeals his conviction and sentence entered by the Tuscarawas County Court of Common Pleas on one count of trafficking in drugs, following appellant's entering a no contest plea and the trial court's finding him guilty thereof. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On February 24, 2005, the Tuscarawas County Grand Jury indicted appellant on one count of possession of drugs, in violation of R.C. 2925.11; and one count of trafficking in drugs, in violation of R.C. 2925.03. Appellant appeared before the trial court for arraignment on March 1, 2005, and entered pleas of not guilty. Appellant filed a timely Motion to Suppress/Dismiss. The trial court conducted a hearing on the motion on July 26, 2005.
 {¶ 3} Patrolman Matthew Russell with the Dover Police Department testified he was on routine patrol during the evening hours of January 8, 2005, when he was dispatched to the Twilite Bar on West Third Street in Dover, Ohio. As the officer approached the establishment, he was flagged down by Betty Cox, the manager of the bar with whom Russell was familiar. Cox informed the patrolman there had been a fight between two people, one or both of whom were still inside the bar. The officer proceeded into the bar and found appellant and an individual by the name of Joshua Rogers in a heated argument. As appellant was louder and more obnoxious than Rogers, Officer Russell decided to take him outside. Appellant, yelling and screaming, proceeded to the door with Officer Russell following five steps behind him. Once outside, appellant shoved another individual, Justin Sherman. Officer Russell stepped between the two men, and asked appellant to follow him to the entrance of the bar. Patrolman Mowrer, who arrived at the scene as appellant and Patrolman Russell were exiting the tavern, spoke with the other subject. Russell informed appellant if he did not want to cooperate he could be charged with obstruction of official business. Patrolman Mowrer approached and instructed Russell to arrest appellant as Mowrer had learned appellant was the primary aggressor.
 {¶ 4} Officer Russell instructed appellant to put his hands on the wall. As appellant turned to do so, he tried to run. Officer Russell grabbed appellant and his coat came off. Patrolmen Mowrer and Russell took appellant to the ground, handcuffed him and placed him in Officer Mowrer's cruiser. Officer Russell retrieved appellant's coat and placed it in his cruiser. Throughout the events, the crowd at the Twilite Bar was becoming very "disorderly" and very "antsy".
 {¶ 5} Following the presentation of evidence, counsel for appellant asked the trial court for leave to file a memorandum in support of the motion to suppress. The State filed a motion in opposition thereto. Via Judgment Entry filed August 23, 2005, the trial court overruled appellant's Motion to Suppress/Dismiss, finding appellant was lawfully arrested.
 {¶ 6} Appellant appeared before the trial court on September 20, 2005. At that time, appellant advised the trial court he wished to withdraw his pleas of not guilty and entered pleas of no contest. The trial court accepted appellant's pleas and found him guilty as charged. At the sentencing hearing, the trial court dismissed count one of the indictment, possession of drugs. The trial court sentenced appellant to a term of imprisonment of one year on the trafficking offense. The trial court memorialized its sentence via Judgment Entry filed November 10, 2005.
 {¶ 7} It is from this conviction and sentence appellant appeals, raising the following assignment of error:
 {¶ 8} "I. AN ARREST OF AN ACCUSED VIOLATES THE FOURTEENTH AMENDMENT AND ARTICLE 1 § 14 OF THE OHIO CONSTITUTION IF THERE IS NO PROBABLE CAUSE FOR THE ARREST."
 I {¶ 9} Herein, appellant maintains his constitutional rights were violated as the police had no probable cause to arrest him. In essence, appellant challenges the trial court's denial of his motion to suppress.
 {¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 11} As a general rule, a warrantless arrest is valid if the arresting officer possessed probable cause to believe that the individual had committed or was committing a crime. See, e.g., Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223,13 L.Ed.2d 142. The law on probable cause has developed from the United States Supreme Court's holding in Illinois v. Gates
(1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. In determining whether probable cause to arrest exists, the totality of the facts and circumstances must be "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Id. See, also, Gerstein v. Pugh
(1975), 420 U.S. 103, 111-112, 95 S.Ct. 854, 43 L.Ed.2d 54;State v. Tibbetts (2001), 92 Ohio St.3d 146, 153,749 N.E.2d 226. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C).
 {¶ 12} Upon review of the entire record in this matter, we find the totality of the facts and circumstances support the trial court's finding of probable cause. Officer Russell was dispatched to the Twilite Bar in response to a complaint. Betty Cox, the manager of the bar, informed Officer Russell two people had been in a fight inside the bar, and at least one of those persons was back inside. The officer entered the bar and found appellant and Joshua Rogers in a heated discussion. Although Russell asked appellant for basic identification information, appellant would not comply. Pursuant to R.C. 2935.26(D), a law enforcement officer is authorized to arrest a person for the commission of a misdemeanor where an offender cannot or will not offer satisfactory evidence of his identity. Additionally, Officer Russell had probable cause to arrest appellant as he actually observed appellant shove Justin Sherman. That incident alone provided sufficient probable cause for Officer Russell to arrest appellant.
 {¶ 13} Appellant's sole assignment of error is overruled.
 {¶ 14} The judgment of the Tuscarawas Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.